Jeffery Cullip, Citynet v. Gianato My name is Jeffrey Cullip and along with Stephen Fowler, we represent Jimmy Giannet and Gail Given who have been individually named in a False Claims Act suit filed by the appellee. Iqbal states that a complaint must allege enough facts to state a claim for relief that is plausible on its face, which means it must allow a court to draw a reasonable inference that the defendant is liable for the alleged conduct. On page 42 of its order, the district court finds that it cannot reach a conclusion as the Citynet claims against the individual defendants in the suit. Therefore, the complaint fails to make allegations sufficient to provide a Rule 12 motion under the standards set forth in Twombly and Iqbal. So, why does the complaint fail? Well, there are at least four reasons. First, there are no allegations. Can I ask you a question and a question I'm puzzled about? Throughout your brief, your clients were state officials, right? That is correct. And you're asserting that they have immunity because they acted in their official capacity. That is correct. That they have qualified immunity because they acted in their official capacity. That is correct. And you assert their official capacity as the basis for your suit five times in your papers, in your brief, right? That's correct. Okay. Qualified immunity is a doctrine that only applies to public officials when they are sued in their individual capacity because the theory is that you can't get individual money damages against a public official. But you're not asserting their individual capacity. You're asserting immunity in their official capacity. Your Honor, the appellee has made allegations against the defendants in their individual capacity. Our argument is that all of the actions that are alleged in the complaint are, while they are referred to in name as being in their individual capacity, are actually sound in official actions of the defendants. Well, no, because remember we just went through in the very first question, five times you say they are being sued in their official capacity. That's your defense. And your defense that gives you a right to qualified immunity, you say. I believe there was some miscommunication there, misunderstanding. And it is our position that the allegations, there's no question that the appellee sues my clients in their individual capacity. In my brief, what I'm trying to make clear to the court is that the allegations actually sound in actions that are taken in the official capacity, such as drafting, you know, an application for a bond or approving invoices for payment, processing invoices and drafting applications for a bond, are official activities of these government employees. Okay. Possibly that's plausible, except on page nine of your brief, I see qualified immunity is an immunity afforded to government officials for discretionary activities taken in the individual's official capacity. And that's not the first time you've talked about your client's official capacity, giving them a right to qualified immunity. And I'm just telling you that the doctrine doesn't give people acting in their official capacity, qualified immunity. Okay, Your Honor. So if that's your defense, then you're out of luck here. Well, Your Honor, and perhaps, again, there's a miscommunication in the brief. Well, all I can go on is what you said, right? Right. So that's what you said. Do you want to turn to page nine and look at the words with me? No, I trust that you're reading it correctly, Your Honor, and I'm afraid that I failed in the brief to articulate exactly what the claims are. What is your defense? Tell me that. The defense, Your Honor, is that my clients are being sued in their individual capacity. Well, where did you say that in your brief? I say that from the outset, that that's what they're being sued for, but the actual allegations in the complaint do not actually mirror what is being made. Where in your brief do you say that? They're actually being sued in their individual capacities, and we are making a claim of qualified immunity because they're being sued in their individual capacities, because they actually acted in their official capacity. Do you see my problem? I do, Your Honor. And I'm looking at the complaint. Let me make the problem a little more complex. If they're suing you in your individual capacity and you should have raised qualified immunity as the suits in the individual capacity, they sued you under the False Claims Act. That's correct. And to be under the False Claims Act, you have to have criminal mens rea, right? That's correct. If those allegations are sufficient, then how can you have immunity to protect yourself from criminal mens rea conduct? Well, thank you, Your Honor, and that's our point, is that those allegations are not sufficient. There is not a sufficient allegation in the investigation. Let me just assume that the complaint accurately alleges a violation under the False Claims Act. Let's just assume that for the moment. If the allegations are there has to be a mens rea, at least of criminal recklessness, right? Yes, Your Honor. And any kind of mens rea you can't get qualified immunity for, right? That's correct, Your Honor. So why doesn't that also end it? Because the court could not find the level of science here needed to They don't need to. This is all allegations in the complaint. Yeah, you don't need to. This is an allegation. This is a False Claims Act claim. And you say it's all untrue. That's fine. You have maybe a lot of defenses, but we're here on immunity. And presumably we're here on immunity. We can only be here on immunity with respect to individual conduct under the False Claims Act. The alleged individual conduct is fraudulent conduct. Now can you have qualified immunity from fraudulent conduct? You cannot, Your Honor. Then why are we here? We are here because the allegations do not pass the plausibility test. There's no allegations of self-serving. There's no allegations of kickbacks. There's no allegations of the other things in the cases that are found in my colleague's brief that show that these other FCA allegations overcome qualified immunity and overcome the defenses just from an allegation. I'm not talking about the facts of the case. I'm talking about the pleadings. I'm talking about what is found in the appellee's complaint, the amended complaint. And what is found there are allegations that my clients processed invoices and drafted an application for a grant. There are no allegations. Didn't they say they did it falsely? They indicate that they knowingly, yes. But if you look at the cases that decide this, you can see that. I'm not talking about cases. Let's go to allegations. Yes. Let's stick to the complaint. What do they say your clients did? They say that they knowingly. Misrepresented. Presented invoices that should not have been presented. They knowingly misrepresented, which is if it's true, there can't be immunity from that, can there? There cannot be immunity from that if that is true. I know, but we have a complaint, 12B6. We take the allegations as true and test it as a matter of law. And you're saying that as a matter of law, your clients are entitled to qualified immunity on the face of the complaint. That's correct. And I'm saying how can that be? Because the allegations in the complaint are a mere recitation. It's a mere recitation of the elements of the cause of action, which courts have held is not enough to pass the plausibility standard. They go through a transaction and they say knowingly misrepresented this, knowingly misrepresented this. And how do you handle that? Because there are no actual allegations with any sort of specificity that indicate that there was any sort of wrongdoing, self-dealing, self-serving, kickback, any sort of monetary gain. As a matter of fact, if you look to the Parikh versus Citizens medical case, which is found in my colleague's brief, there's a footnote five there. The Parikh versus Citizens medical case is a very different case from ours because in that case there was allegations of kickbacks, of a scheme to pay doctors and kickbacks through the federal government. However, in footnote five of that Parikh case, they cite to Alexander versus Gilmore that says that if the allegations against an official do not demonstrate personal gain, which is never alleged in my colleague's complaint, that if they do not demonstrate personal gain, then the suit is against the state itself and not against the individuals. One of the things that this is a bit of an odd suit because we don't often find a qualified immunity affirmative defense in a false claims act suit. I mean, an immunity defense or qualified immunity defense is an affirmative defense. And you sort of admit that, yeah, we were guilty of a violation, but even if we were guilty of a violation, no problem, the immunity kicks in. But here it would be really embarrassing for the state officials to say, yeah, we assume we were guilty of fraud, but no problem. We're immunized from our fraudulent behavior. Now, the qualified immunity defense is generally applied. I mean, the garden variety defense is where there is an excessive forced case or a split-second judgment that needs to be made by a law enforcement officer or whatever. But I haven't seen many qualified immunity defenses of false claims act because the whole premise of it is fraudulent behavior. You're accepting that. I don't understand it. It goes on page after page and alleges what Judge Wilkinson is saying. It's committed false fraudulent claims or presented to the United States government. And then the final problem is you're now applying immunity, which is usually to protect government, to deny the federal government of money that it otherwise would be entitled other than the fraud. So you're sort of flipping that. Normally we protect government agents so that we can protect the individuals from suits. We just can't interpret the False Claims Act to provide immunity for contracting officials for committing fraud. I mean, the whole point of the False Claims Act is to root out fraud in these contractual arrangements. I don't understand. Would you please listen? Yes, Judge. And so you undermine the entire purpose of the statute by saying the False Claims Act, despite what you may have thought heretofore, provides immunity for government officials acting in their official capacities to commit contractual fraud. I mean, what kind of ruling is that? It is so bizarre I can't believe it. And I understand your logic, Your Honor. To be certain, we're not admitting to any of the allegations in the complaint. We haven't reached that stage yet. Don't you understand for purposes of summary judgment, we take the allegations in the complaint as true? I do. So that is the quandary that my colleagues have put to you. And I understand. And what I'm saying is that even if true, the allegations do not pass the plausibility test that is set forth in. . . They allege fraud. They allege fraud. But not against my clients individually, Your Honor. They allege fraud against the state of West Virginia, the West Virginia Executive Office. Well, you can only have qualified immunity against them individually. Now you're saying it's not against them individually? I'm saying that they name them individually, but if you look to the allegations of the complaint, that is not the true nature of the complaint. I mean, you want us to reform the complaint in some manner. What's the relief you want here? To have the complaint dismissed because it doesn't. . . Because of what? Because it doesn't meet the standard of the allegation. The allegations don't meet the standard to set forth a plausible set of. . . Well, Judge Copenhaver found that they may well be plausible. And he's saying, look, I need some more time to. . . I'm not convinced that this falls on the negligent side of the line. This may be reckless or intentional. Now, if a district judge says that after looking at the case, that's pretty good evidence that the complaint itself meets an Iqbal Twomley standard. We don't have that before us. The denial of a 12B6 motion is not appealable. Right. And so the only way you get up here is because the denial of a 12B6 motion denied you qualified immunity. And you're trying to say that that denial of qualified immunity is the appealable issue. Now, you've agreed that it doesn't apply to them in their official capacity. And in their individual capacity, they're charged with fraud. And you say, oh, the complaint doesn't charge them with fraud. It charges them in their official capacity. But regardless, immunity doesn't protect fraud. And that's the allegation of the complaint. And now you say, well, the complaint is insufficient under 12B6. The court already ruled against you on that. That's not appealable. What the court held in its order was that it could not read conclusion as to whether or not. . . It denied your motion to dismiss, right? It did. Okay. That's an unappealable order. Your Honor, as far as. . . We're arguing that it was effectively denied. What the lower court did was defer the decision on our motion to dismiss. And later it says it denied it. The order is. . . You've read the John Penn expression. Yes. You were there. Yes, Judge. Thank you, sir. Thank you. Mr. Bailey. Your Honor, I'm grateful for your time. The court understands the issues I would have raised and argued that. I think Judge Kotenhaber got it right and deferred ruling on immunity or the defenses and false claims. Do you feel there's anything you need to add to what. . . I do not. . . the preceding discussion. I hate to say it, but I do not. All right. You okay, Paul? I'm fine. Thank you, sir. You're welcome. I appreciate it. If you have something new to say, Mr. Cobb, you're welcome to say. Your Honor, at this time I do not believe I have anything else to add. All right. Let me just ask you one question. Absolutely. What is the relief you're asking for on this appeal? Well, we are asking for this court to reverse the decision of the lower court in its order that defers decision on our 12B6 motion to dismiss. All right. Thank you. Thank you. We will adjourn court and we will come down and greet counsel. The honorable court stands adjourned until tomorrow morning. God save the United States and this honorable court.
judges: J. Harvie Wilkinson III, Paul V. Niemeyer, Diana Gribbon Motz